# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| ARNOLD R. NAYLOR and : | |
| JERRI L. NAYLOR, : | |
| : | Bankruptcy No. 05-25622-MBM |
| Debtors. : | |
| : | |
| Arnold R. Naylor, : | Chapter 7 |
| Plaintiff, : | |
| : | |
| v. : | Adversary No. 05-3015-MBM |
| : | |
| The State of New Jersey Higher : | |
| Education Student Assistance : | |
| Authority (NJHESAA), : | |
| Defendant. : | |

## MEMORANDUM

**AND NOW,** this **18th day** of **August, 2006**, upon consideration of the adversary complaint filed by Arnold Naylor, one of the instant debtors (hereafter "the Debtor"), wherein the Debtor seeks a determination by the Court that (a) to except from his Chapter 7 discharge a pre-petition student loan indebtedness that he owes to the State of New Jersey Higher Education Student Assistance Authority (hereafter "NJHESAA"), the above-named defendant, will impose an undue hardship on him, and (b) said student loan debt, which debt the Debtor contends equals $10,975.33 as of April 15, 2005, is thus discharged pursuant to 11 U.S.C. § 727 rather than is nondischargeable pursuant to 11 U.S.C. § 523(a)(8);

and subsequent to notice and a trial held on August 3, 2006, regarding the nondischargeability of NJHESAA's claim against the Debtor,

it is **hereby determined that the Court shall now issue an order to the effect that** NJHESAA's claim against the Debtor is **NOT NONDISCHARGEABLE**, that is such claim is **DISCHARGED** by virtue of the Debtor's Chapter 7 discharge.  The rationale for the Court's decision is briefly set forth below.[1]

In the Third Circuit a student loan debt is nondischargeable under § 523(a)(8) unless a student loan debtor can preponderantly prove each of the following three factors so as to establish "undue hardship" within the meaning of § 523(a)(8), to wit

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans.

Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2nd Cir. 1987) (per curiam), *aff'g* 46 B.R. 752, 756 (S.D.N.Y. 1985) (three-part

---

[1]The Debtor incurred the indebtedness to NJHESAA's predecessor in interest for the purpose of financing his wife's son's post-secondary education. In his pre-trial statement the Debtor raises the issue of whether his signature on certain of the loan documents relative to such debt was forged and, therefore, whether he is legally obligated with respect to NJHESAA's claim against him. The Court determines that it need not address this particular issue given that the Court decides that such claim against the Debtor, even if valid, is discharged in any event.

test set forth in Brunner adopted by the Third Circuit in In re Faish, 72 F.3d 298, 304-306 (3rd Cir. 1995)); In re Brightful, 267 F.3d 324, 327 (3rd Cir. 2001) (standard of proof by which a debtor must establish each element of the Brunner test is by a preponderance of the evidence). Expanding upon the foregoing,

> [s]tudent loan debtors have the burden of establishing each element of the Brunner test. All three elements must be satisfied individually before a discharge can be granted. If one of the requirements of the Brunner test is not met, the bankruptcy court's inquiry must end there, with a finding of no dischargeability.

Faish, 72 F.3d at 306. For the reasons set forth below, the Court concludes that the Debtor has preponderantly established each of the three elements of the aforesaid Brunner test.

First, the Debtor satisfies the second of the three elements of the Brunner test if for no other reason than that NJHESAA, at the August 3, 2006 trial, conceded as much. NJHESAA so conceded because it recognized, as the Court finds as well, that additional circumstances exist that would indicate that the Debtor's present state of financial affairs is likely to persist for a significant – indeed the remaining – portion of the repayment period for NJHESAA's claim, namely that the Debtor is 71 years old, retired, at least partially physically disabled and, thus, unable to pursue future employment.

Second, the Court holds that the Debtor preponderantly satisfies the third element of the Brunner test, that is that he has made a good faith effort to repay his indebtedness to NJHESAA, because the Debtor has made substantial, albeit

3

involuntary, payments toward such indebtedness, which payments total between, according to the Debtor, $13,225.30 and, according to NJHESAA, some lesser but still substantial amount.  In holding as the Court does, it rejects NJHESAA's position that the Debtor has not shown the requisite good faith simply because he made the aforesaid payments involuntarily – i.e., by virtue of seizure of his federal income tax refunds and monthly seizures of a portion of his monthly social security checks between 1996 and the present time – rather than on a voluntary basis.  The Court rejects such position of NJHESAA because NJHESAA, by so involuntarily seizing such funds of the Debtor, thereby deprived the Debtor, at least in substantial part, of his wherewithal to voluntarily satisfy monthly installments due on the debt to NJHESAA; as well, the Court does not find that the Debtor exhibited bad faith by refusing to voluntarily pay additional amounts toward such debt while NJHESAA, at the same time, persisted in so seizing funds of the Debtor on a monthly basis equal in amount to the monthly installment due from the Debtor on such debt.  The Court also rejects NJHESAA's argument that the Debtor has not exhibited the requisite good faith because he has failed to renegotiate or restructure his indebtedness to NJHESAA.  Although such restructuring is relevant to the issue of a debtor's good faith, such restructuring "is not itself determinative" regarding such issue, see In re Allen, 324 B.R. 278, 281 (Bankr.W.D.Pa. 2005) (quoting In re Fahrer, 308 B.R. 27, 35 (Bankr.W.D.Mo. 2004)); with respect to the Debtor's financial situation in particular, the Court finds that a restructuring (and, in particular, a restructuring by way of the William D. Ford Direct Loan Program) would not

significantly benefit the Debtor such that his failure to take advantage of the same evidences bad faith on his part in attempting to repay his indebtedness to NJHESAA, see Id. at 281-82 (arriving at the same conclusion with respect to a debtor somewhat similarly situated to the instant Debtor).  Finally, the Court disagrees with NJHESAA that, because the Debtor and his wife have incurred a debt to purchase a 2003 Ford Ranger the total amount of which is in excess of the debt due to NJHESAA, the Debtor has failed to minimize his expenses and, thus, has failed to exhibit the requisite good faith.  The Court so disagrees because (a) the Debtor has preponderantly demonstrated the need for such vehicle (it is necessary because the only other vehicle owned by the Debtor and his wife is old and malfunctioning), (b) the debt relative to such vehicle, the Court finds, is not excessive in amount, (c) the Court finds that the monthly installment due on such debt – i.e., $235 – is very reasonable in amount, and (d) the Court finds, as set forth in the next paragraph herein, that the Debtor could not, as NJHESAA argues, significantly reduce such monthly vehicle expenditure by obtaining a cheaper vehicle.

      Third, the Court holds that the Debtor preponderantly satisfies the first of the three elements of the Brunner test, that is that he cannot maintain, based on the current income and expenses of his wife and himself, a "minimal" standard of living for them if he is forced to repay his indebtedness to NJHESAA.  Relevant to such holding by the Court, the parties agreed at trial that (a) the Debtor and his wife must subsist henceforth on what they receive in the way of Social Security payments, and (b) such Social Security payments, on a monthly basis, do no

more than roughly equal the monthly expenses for the Debtor and his wife. NJHESAA contends that, the foregoing stipulation notwithstanding, the Debtor can nevertheless satisfy NJHESAA's claim and still maintain a minimal standard of living because, argues NJHESAA, the Debtor (a) could reduce his household's monthly vehicle expenditure of $235 by obtaining a cheaper vehicle, and (b) could sell a vacant piece of realty that he valued at $7,350 in his Bankruptcy Schedule C. With respect to the contention that the Debtor could obtain a cheaper vehicle and thereby reduce his corresponding monthly expenditure of $235, the Court disagrees given that (a) the Debtor and his wife have virtually no assets with which to purchase such cheaper vehicle, (b) the Debtor and his wife, by virtue of their instant bankruptcy filing as well as their age and retirement status, lack sufficient credit with which to borrow the necessary funds to obtain such cheaper vehicle, and (c) the monthly installment payment on a loan for a cheaper, that is presumably an older model, vehicle, presuming *arguendo* that the Debtor and/or his wife could obtain such a loan, would not likely be much less in amount than the modest $235 monthly installment presently due on the vehicle that the Debtor and his wife presently own (the Court so finds because collateral cheaper in value dictates not only a smaller loan/indebtedness from/to a lender but also a smaller term within which to satisfy such debt, thereby likely resulting in a monthly installment that rivals the one that the Debtor and his wife presently pay). As for NJHESAA's argument that the Debtor could minimally make ends meet while satisfying NJHESAA's claim by selling the aforesaid vacant lot and then applying the proceeds to such debt, such argument is defeated by the

Debtor's testimony at trial – which testimony the Court found to be credible and which was not rebutted by NJHESAA – that a market does not exist for such vacant lot so that it could be utilized by the Debtor to generate funds that could then be used to retire a meaningful portion of NJHESAA's claim.[2]

Therefore, the Court determines that it shall issue an order in the form set forth at the beginning of the instant Memorandum.

**BY THE COURT**

  /s/
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

---

[2]The Court also rejects as misdirected and, thus, useless the suggestion by NJHESAA that a market would exist for the aforesaid vacant lot were the Debtor and his wife to package such vacant lot with the adjoining realty that is presently wholly owned by the Debtor's wife's daughter. The Court so rejects such suggestion because, even if true, the Debtor's wife's daughter, who is not a debtor in the instant bankruptcy case, cannot be compelled to sell off any realty that she wholly owns, regardless of whether such realty is adjacent to realty that is owned by the Debtor and his wife.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | |
| **ARNOLD R. NAYLOR and** : | |
| **JERRI L. NAYLOR,** : | |
| : | **Bankruptcy No. 05-25622-MBM** |
| Debtors. : | |
| : | |
| **Arnold R. Naylor,** : | Chapter 7 |
| Plaintiff, : | |
| : | |
| v. : | **Adversary No. 05-3015-MBM** |
| : | |
| **The State of New Jersey Higher** : | |
| **Education Student Assistance** : | |
| **Authority (NJHESAA),** : | |
| Defendant. : | |

### ORDER OF COURT

**AND NOW,** this **18th day** of **August, 2006**, for the reasons set forth in the accompanying Memorandum of same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the claim of the State of New Jersey Higher Education Student Assistance Authority (NJHESAA) against Arnold Naylor, one of the instant debtors (hereafter "the Debtor"), is **NOT NONDISCHARGEABLE**, that is such claim is **DISCHARGED** by virtue of the Debtor's Chapter 7 discharge.

**BY THE COURT**

/s/
_____
**M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge**

copies to:

Francis C. Sichko, Esq.
630 Washington Trust Building
Washington, PA 15301

Peter J. Ashcroft, Esq.
Bernstein Law Firm
Suite 2200 Gulf Tower
Pittsburgh, PA 15219


(Case Administrator to Serve)